IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STEVE DEAN MACK, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:14-cv-322 (MTT) (CHW) |
| | : | |
| Warden JASON MEDLIN, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Before the Court is Respondent's Motion to Dismiss Petitioner Steve Dean Mack's Section 2254 petition for failure to exhaust. (Doc. 6). Although Petitioner had not exhausted all of his available state remedies at the time he filed his Section 2254 petition, the record indicates that Petitioner has now fully exhausted those remedies. *See* (Doc. 19). Additionally, the record suggests that Petitioner had "good cause" for filing his Section 2254 petition prior to exhausting his state remedies. Specifically, the record indicates that Petitioner's April 2008 state habeas petition was not ruled upon until October 2014, after Petitioner commenced the instant federal habeas action. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005); *see also McCarty v. Vt. State Mental Hosp.*, 2006 WL 1207745 at *2. Because these factors weigh in favor of this Court considering Petitioner's claims on their merits, it is **RECOMMENDED** that Respondent's Motion to Dismiss for Failure to Exhaust be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, [a] party failing to object to a magistrate judge's findings or

1

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice.

**SO RECOMMENDED**, this 1st day of July, 2015.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge