IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STEVE DEAN MACK, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:14-cv-322 (MTT) (CHW) |
| | : | |
| Warden JASON MEDLIN, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Before the Court is Respondent Jason Medlin's Motion to Dismiss Petitioner Steve Dean Mack's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Doc. 6. In accordance with the analysis below, it is **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, such that grounds one, three, four, and five be **DISMISSED** as procedurally barred and that ground two be **DISMISSED** because Petitioner is not entitled to habeas relief on that ground.

**BACKGROUND**

Petitioner challenges his January 2008 conviction pursuant to guilty plea for armed robbery, for which he was sentenced to life imprisonment. Doc. 1, p. 1. Defendant did not file a direct appeal from his sentence and judgment. Instead, he filed a petition for writ of habeas corpus in the Superior Court of Baldwin County on April 18, 2008. Doc. 8-1. Petitioner raised the following four grounds in his first state habeas petition:

1. Erroneous Misrepresentation: "Attorney Bennett Willis talked me into taking the plea, stating the jury would give me life anyway."

1

2. Excessive Punishment: "I was not armed, no weapon found, no weapon on tape. Cooperated with police and was originally charged with robbery by intimidation. No weapon used."

3. Breach of attorney-client privilege: "Assistant D.A. Jason Ashford called me out of my cell while in jail to speak to me about case without me having legal counsel which at the time they were denying me."

4. Violation of Due Process: "Houston County Superior Court did not grant me a public defender until the last minute."

Doc. 8-1, p. 4.

The state habeas court conducted a hearing on July 23, 2008, (Doc. 11, p. 2), but did not enter its order denying the petition until October 27, 2014, (Doc. 8-2), after Petitioner initiated the instant federal habeas action. The Supreme Court of Georgia summarily denied Petitioner's application for certificate of probable cause to appeal the denial of habeas corpus on June 15, 2015. Doc. 19, p. 3.

While his habeas petition was pending, Petitioner filed a number of other post-conviction motions. In April 2010, Petitioner filed a motion to withdraw his guilty plea in the Houston County Superior Court. Doc. 17-1. That motion was denied on May 10, 2010. Doc 17-2. Petitioner claims that he filed a timely notice of appeal, but that the "trial court did not perfect service of the appeal." Doc. 11, p. 2.

In January 2011, Petitioner filed a second state habeas petition, this time in the Superior Court of Hancock County. Doc. 8–3. Petitioner voluntarily dismissed this second state habeas petition in December 2014. Doc. 17–16.

In June 2011, Petitioner filed a Motion for New Trial in the Superior Court of Houston County. Doc. 17–3. In his motion, Petitioner argued that

1. His guilty plea was "involuntary and unintelligent" because he was "misinformed about one of the critical elements of the charge against him";
2. The indictment failed to charge proper venue;

2

3. His guilty plea to armed robbery was based on an inadequate factual basis, as there was no allegation that he had an actual or apparent weapon; and

4. His guilty plea was involuntary because trial counsel failed to inform him of an essential element of the offense.

Doc. 17-3. That motion was denied by the trial court in June 2011, (Doc. 17–4), and the ruling was affirmed on appeal in December 2011. (Doc. 17–7). *See also* Doc. 17–8, (reconsideration denied). The Georgia Court of Appeals held that the motion was procedurally defaulted, because it was untimely if construed as a motion to withdraw guilty plea or a motion in arrest of judgment, and could not be construed as a motion for an out-of-time appeal.

Although the Court of Appeals denied Petitioner's appeal as procedurally defaulted, it addressed the merits of his claim in a lengthy footnote. Doc. 17-7, p. 3, n.2. The court noted that the indictment properly alleged venue by stating that the crime occurred in Houston County, and alleged the essential elements of the offense. With regard to the elements of armed robbery, the Court observed that the indictment alleged that Petitioner presented the victim bank teller with a note indicating that he had a weapon, but "did not allege, and nothing in the record shows, that Mack possessed any weapon or that he physically did anything that made it appear that he had one." *Id.* The court cited Georgia case law holding that the presence of an offensive weapon could be established by circumstantial evidence, provided "the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon." *Id.*, citing *Price v. State*, 289 Ga. App. 763, 765 (2008).

In November 2012, Petitioner filed a motion to modify sentence in the Houston County Superior Court. Doc. 17–9. That motion was denied in November 2012, (Doc. 17–10), and the ruling was affirmed on appeal in September 2013. (Doc. 17–14). *See Mack v. State*, 323 Ga.App. 821. *See also* (Doc. 17–15) (certiorari denied).

3

Petitioner filed the instant Petition for Writ of Habeas Corpus on September 5, 2014 pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner raises the following grounds for relief:

1. Denial of due process for failure to charge venue and possession of a firearm, both essential elements of armed robbery;
2. Denial of due process based on an ambiguity in Georgia's armed robbery statute allowing for three possible sentences; also no aggravating circumstances were present;
3. Ineffective assistance of counsel, in that trial counsel was not present at Petitioner's arraignment and at a "pre-preliminary" motions hearing at which a plea deal was offered to Petitioner;
4. Ineffective assistance of counsel, in that trial counsel failed to advise Petitioner both of defects in his indictment and of the true nature of the charges against him; and
5. Denial of due process based on the Georgia Supreme Court's denial of his petition for writ of certiorari in "a mere sentence."

Doc. 1, pp. 5–12.

On November 11, 2014, respondent filed a Response (Doc. 5) and a Motion to Dismiss for Lack of Exhaustion. Doc. 6. A Motion to Intervene filed by Respondent Samuel Owens (Doc. 7) was granted on November 13, 2014. Doc. 10. Subsequently, Homer Bryson replaced Samuel Owens when Bryson became Corrections Commissioner. Doc. 15. Homer Bryson then filed a Notice of Filing of Amended Motion to Dismiss on April 8, 2015. Doc. 16. A Report and Recommendation was then entered on July 2, 2015, recommending that Respondent's November 11, 2014, Motion to Dismiss be denied, and the report was adopted on September 1, 2015.[1] Doc. 21.

However, in the order denying Respondent's Motion to Dismiss, the Court could not yet rule on Respondent's claim that Petitioner's complaint should be dismissed due to procedural default because Petitioner's claim was still pending before the Supreme Court of Georgia.

---

[1] The Court denied Respondent's Motion to Dismiss for Failure to Exhaust because Petitioner had "good cause" for filing his Section 2254 petition prior to exhausting. Doc. 20. The state habeas court did not rule on his motion until over six years after it was filed. *Id.*

Petitioner supplemented his Petition on June 24, 2015, to show that his Certificate of Probable Cause to appeal the denial of his state habeas action was denied on June 15, 2015. Doc. 19. Thus, Petitioner has now exhausted his State Court remedies and the issue of procedural default is ripe for review.

## EXHAUSTION & PROCEDURAL DEFAULT

Pursuant to 28 U.S.C. § 2254, applications for a writ of federal habeas corpus shall not be granted unless "the applicant has exhausted the remedies available in the courts of the state." If a state court determines that a constitutional claim is barred on state procedural grounds, that claim is barred from federal habeas review under the doctrine of procedural default, the "handmaiden" of the exhaustion requirement. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). When a claim is both unexhausted in state court and procedurally barred in state court, the barred claim is treated as no basis for federal habeas relief. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998).

Georgia procedural law provides that "all grounds for relief claimed by a petitioner for writ of habeas corpus shall be raised by a petitioner in his original or amended petition" unless a judge finds grounds on a second petition which could not have been reasonably raised in the original or amended first petition. O.C.G.A. § 9-14-51. With regard to the interaction of O.C.G.A. § 9-4-51 and Section 2254, the state procedural bar "can and should be enforced in federal habeas proceedings against claims never presented in state court." *Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998). "[P]etitioners [must] present their claims to the state courts such that the reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1344–45 (11th Cir. 2004). "In other words, '[t]he ground relied upon must be presented face-up

5

and squarely; the federal question must be plainly defined.'" *Hunt v. Comm'r, Alabama Dep't of Corr.*, 666 F.3d 708, 731 (11th Cir. 2012) (citing *Kelley*, 377 F.3d at 1345) (alteration in original).

In the instant action, Petitioner has already filed a petition for writ of habeas corpus in state court. Pursuant to O.C.G.A. § 9-14-51, Petitioner is barred from raising any new grounds for relief in a second state habeas petition.[2] Therefore, any grounds for relief that Petitioner failed to raise on direct appeal or in his original state habeas petition have been procedurally defaulted. Respondent asserts that grounds one, three, four, and five of Petitioner's habeas petition are procedurally defaulted. After careful review of the issues raised by Petitioner on his state habeas petition, the Court agrees with Respondent and finds that grounds one, three, four, and five in Petitioner's federal habeas petition were not previously raised in Petitioner's first state habeas petition. To the extent that they were raised in Petitioner's subsequent motion to withdraw guilty plea and motion for new trial, the Georgia Court of Appeals held that they were procedurally barred under state law. They are, therefore, procedurally barred under federal law as well.[3]

Petitioner's first ground argues that he suffered a denial of due process when his indictment failed to charge venue and possession of a firearm, both essential elements of armed robbery. Doc. 1, p. 5. Petitioner's challenge to his indictment was not presented or argued in his state habeas petition or on appeal. In other words, Petitioner's argument was not fully presented to the state courts, and is therefore procedurally barred.

---

[2] Such new claims are barred unless any judge to whom the petition is assigned finds grounds for relief which could not reasonably have been raised in the original or amended petition. O.C.G.A. § 9-14-51.

[3] "The doctrine of procedural default dictates that '[a] state court's rejection of a petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim.'" *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010) (quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)).

Petitioner's third ground raises the legal argument of ineffective assistance of counsel, specifically that trial counsel was not present at Petitioner's arraignment and at a "pre-preliminary" motions hearing at which a plea deal was offered to Petitioner. Doc. 1, p. 8. In his state habeas petition, Mack argued that he suffered a "due process violation" because he was not "granted a public defender until the last minute." Doc. 8-1, p. 4. This argument is substantially different from Petitioner's allegation that his public defender was absent from hearings. Petitioner did not raise this argument in the course of his state habeas proceedings or on direct appeal, and the ground is therefore procedurally defaulted.

Petitioner's fourth ground also raises ineffective assistance of counsel, contending that trial counsel failed to advise Petitioner both of defects in his indictment and of the true nature of the charges against him. Doc. 1, p. 10. Petitioner did not raise this argument in his state habeas proceeding. In his state habeas petition, Petitioner challenged the "erroneous misrepresentation of his trial attorney," supported by specifics facts relating to his plea. Petitioner never challenged his indictment or his counsel's alleged failure to challenge the indictment in either his state habeas proceedings, or on direct appeal, and therefore, Petitioner's fourth ground is procedurally defaulted.

Petitioner's fifth ground presents a denial of due process claim based on the Georgia Supreme Court's denial of his petition for writ of certiorari in "a mere sentence." Petitioner did not raise this argument in his state habeas proceeding or on direct appeal, and is therefore procedurally barred from raising it here.

**GROUND TWO: STATUTORY AMBIGUITY**

In his second ground, Petitioner alleges that his life sentence under Georgia's recidivist statute was unconstitutional because the armed robbery statute ambiguously allowed for three

7

possible sentences and no aggravating circumstances were present in his case. Doc. 1, p. 6. Regarding the issue of exhaustion, Respondent notes that Petitioner did not raise this argument in his state habeas petition, but raised it in a November 2012 Motion to Modify Sentence, and Petitioner has exhausted his remedies at the state level. Doc. 17-9. However, because Petitioner's ground is not cognizable under Section 2254, and because Petitioner is not entitled to habeas relief, Petitioner's second ground must be dismissed.

Petitioner's second ground concerns his guilty plea to the crime of armed robbery, and life sentence as a recidivist under OCGA § 17–10–7(a). See *Mack v. State*, 323 Ga. App. 821, 821-22, 748 S.E.2d 299, 299 (2013). Petitioner did not raise this issue when he filed his first state habeas. More than four years after his sentence, on November 16, 2012, Petitioner "filed a motion to modify his sentence, arguing that when read together the sentencing provisions of the armed robbery statute and the recidivist statute are ambiguous and that, in accordance with the rule of lenity, his sentence should be reduced." *Id.* at 822. After the trial court denied the motion, Petitioner appealed, and the Georgia Court of Appeals affirmed the denial in a reported decision on September 6, 2013. Doc. 17-14, *Mack*, 323 Ga. App. 821 (2013). The Georgia Supreme Court denied certiorari on April 22, 2014. Doc. 17-15.

Petitioner raised the same argument when he timely filed the instant Petition on September 5, 2014, incorporating the challenge to his sentence in his second ground. See Doc. 1. Because the state courts had the opportunity to consider the claim on the merits, Petitioner's second ground may be considered to be exhausted and not procedurally barred.

Petitioner's argument challenging the determination of the Georgia trial court on an issue of Georgia sentencing law is not cognizable under Section 2254. See *Branan v. Booth*, 861 F.2d

1507 (11th Cir. 1988). Petitioner raises his sentencing issue in terms of due process and equal protection violations, but the Eleventh Circuit has explained:

> It is clear from [§ 2254(a)] that a habeas petition grounded on issues of state law provides no basis for habeas relief. In the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process."

*Id.*, at 1508 (citations omitted). In this case, as in *Branan*,[4] though Petitioner has "couched" his state sentencing claim as one of constitutional error, he presents only a state law claim which does not entitle him to federal habeas corpus relief.[5] Petitioner's second ground must therefore be dismissed for failing to state a cognizable claim.

Nevertheless, even if Petitioner's second ground is cognizable under Section 2254, Petitioner cannot show that the decision of the Georgia court was contrary to or involved an unreasonable application of clearly established federal law, and must be dismissed on the merits. 28 U.S.C. § 2254(d)(1).

The Court of Appeals found that there was no inherent ambiguity between the recidivist statute and the armed robbery statute. The recidivist statute, O.C.G.A. § 17-10-7(a), provides that a recidivist shall be sentenced to "the longest period of time prescribed for the punishment of the subsequent offense." The armed robbery statute to which Petitioner pled guilty provided for

---

[4] The petitioner in *Branan* challenged his Florida sentence based on an alleged error by the state court in applying the sentencing guidelines. 861 F.2d at 1507–08. He asserted that, under Florida law, his sentence should have been shorter, and that the error denied him due process and equal protection.

[5] See also *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("federal habeas corpus relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations and footnote omitted); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1987) ("[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").

punishment by "imprisonment for life or by imprisonment for not less than ten nor more than 20 years." O.C.G.A. § 16-8-41(b). Petitioner argued that the armed robbery statute was ambiguous because it was not clear whether the longest sentence was life or 20 years. The Court of Appeals held that there was no ambiguity as to the application of the recidivist statute because it was clear that the "longest period of time prescribed for punishment of armed robbery is life imprisonment." *Mack*, 323 Ga. App. at 823 (citing *Lester v. State*, 309 Ga. App. 1, 5 (2011)). Georgia's armed robbery statute plainly authorizes a life sentence for armed robbery and does not require aggravating circumstances for the imposition of a life sentence. See *Worley v. State*, 265 Ga. App. 251 (1995) (sentencing judge "can impose a life sentence or a determinate sentence in the exercise of his or her discretion"). Because a life sentence is longer than 20 years, a life sentence is the longest period of time prescribed for the crime for purposes of applying the recidivist statute. The Court cannot find that the Georgia court's decision was contrary to clearly established federal law. Therefore, Petitioner's second ground must also be dismissed on the merits.

## CONCLUSION

In accordance with the analysis above, it is **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, such that grounds one, three, four, and five be **DISMISSED** as procedurally barred and that ground two be **DISMISSED** because Petitioner is not entitled to habeas relief on that ground.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *See Dupree v. Warden*, *Attorney General*, *State of Alabama*, 715 F.3d 1295, 1300 (11th Cir. 2011).

**SO RECOMMENDED**, this 21st day of January, 2016.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge